IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

TERESA H. CATES                                                                                           PLAINTIFF

V.                                                                  CIVIL ACTION NO.3:14CV68-MPM-DAS

COMMISSIONER OF SOCIAL SECURITY                                                       DEFENDANT

## REPORT AND RECOMMENDATION

The plaintiff has appealed the final decision of the Social Security Administration denying her claim for disability benefits. She seeks leave to proceed *in forma pauperis.* Her original and supplemental affidavits are both on the official short form affidavit (AO 240). The plaintiff, who is married, has not provided any direct information about her husband's income, but has indicated that the joint account contains $ 2,500.00 in cash. Additionally the husband's income is sufficient to pay a mortgage of $ 1,800.00 per month, a car note for him of $ 1,000.00 per month, and numerous other household expenses.

In making its determination whether to grant the motion, this court considers whether the applicant has the resources and income to pay the court costs. The income and resources available to an applicant includes the spouse's income. *Muhammad v. Louisiana Attorney Discipline Board,* 2009 WL 3150041, at *1 (E.D. La. Sept. 25, 2009); *Montiel v Wyndham Anatole Hotel*, 2003 WL 22595820, at *1 (N.D. Tex. Nov. 6, 2003); *Mann v. Frank*, 1992 WL 219800, at * 3-4; *Williams v. Spencer*, 455 F. Supp. 205, 209 (D.Md. 1978) ("The question under 28 U.S.C. § 1915 is whether the litigant is unable to pay the costs, and the answer has consistently depended in part on the litigant's actual ability to get funds from a spouse, a parent, an adult sibling or other next friend.")

Here the plaintiff has indicated access to more than sufficient funds in a joint account. Additionally, she has not disclosed her equity in the couple's home. From the amount of the mortgage and car note, it appears that this applicant, thanks to her husband, is far from a pauper. Leave to proceed without payment of court costs is appropriate only where the party has no substantial assets and/or a poverty level income. The affidavit provided shows that the plaintiff will not be deprived of the necessities of life if compelled to pay the court costs and she therefore will not suffer any "undue financial hardship." *Walker v. Univ. of Texas Med. Branch*, 2008 WL 4873733, at *1 (E.D. Tex. Oct. 30, 2008).

The undersigned, for the foregoing reasons, recommends that the application for *in forma pauperis* status be denied and that the plaintiff be required to pay the court costs within fifteen days of the order on the motion.

The parties are referred to 28 U.S.C. 636 (b)(1) and Local Rule 72 (a)(3) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within fourteen days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within fourteen days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996).

This the 27th day of May, 2014.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE