**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**TERESA H. CATES**                                                           **PLAINTIFF**

**V.**                                                    **CIVIL ACTION NO. 3:14CV68-DAS**

**COMMISSIONER OF**
**SOCIAL SECURITY**                                                        **DEFENDANT**

**FINAL JUDGMENT**

Before the court is plaintiff's motion (#22) for payment of attorney's fees pursuant to the

Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  In these proceedings, plaintiff sought

judicial review of the final decision of the Commissioner of Social Security, denying a claim for

benefits.  By Judgment Dated March 23rd, 2015, the court remanded this case to the

Commissioner for further proceedings.  Plaintiff sought attorney's fees under EAJA on the

grounds that she was the prevailing party and that the Commissioner's position was not

"substantially justified."  Pursuant to an assignment, she requests that the fees be awarded

directly to her attorney, Joe Morgan Wilson.  Plaintiff also requests $146.05 from the Judgment

Fund for reimbursable expenses.

Although not disputing her right to fees and expenses, the Commissioner objects to

plaintiff's EAJA motion on these grounds: (1) it seeks an order improperly distributing the funds

directly to her attorney; (2) it seeks reimbursement for insufficiently documented expenses; and

(3) it seeks compensation for non-compensable activities.

**1. Direct Assignment**

In her EAJA motion, plaintiff seeks "an award of EAJA Attorney Fees… to be paid to

[her] attorney, see assignment of EAJA fees attached hereto, pursuant to the Equal Access to

Justice Act…"  Doc. 22, p. 844.  The court agrees with the Commissioner and finds that EAJA

fees cannot be directly assigned to plaintiff's attorney.  *See Astrue v. Ratliff*, 130 S.Ct. 2521,

2522 (2010).  Consequently, any fees awarded by this court will be paid to plaintiff in the care of

her attorney.

## 2. Travel Expenses

Plaintiff's motion seeks an award of $146.05 to cover her attorney's travel expenses.

Citing *Dalles Irrigation Dist. v. United States*, the Commissioner argues that this request should

be denied for lack of sufficient documentation.  91 Fed. Cl. 689 (Fed. Cl. 2010).  In *Dalles*, the

plaintiff sought $1,838.91 for travel expenses, which was comprised of $455.99 for airfare to

Washington, D.C. from Portland, Oregon, $305.58 for lodging in Washington, $164.40 for

airfare to Boise, Idaho, and $674.54 for lodging in Boise.  *Id*. at 710.  Because credit card

statements detailing the claimed expenses were submitted with its motion, the court found the

plaintiff's request for travel expenses to be sufficiently documented.  *Id*.

In the present case, plaintiff submitted an expense sheet that simply states "expenses of

$146.05 for travel to oral argument."  Doc. 22, p. 844.  True enough, this statement of expenses

is not as thoroughly detailed as the credit card statements in *Dalles*.  Yet, plaintiff is not seeking

reimbursement for airfare and lodging in multiple states; rather plaintiff seeks travel expenses for

the "[r]ound trip to Aberdeen, Mississippi" from Senatobia, Mississippi.  *Id*. at 849.  Moreover,

in arriving at her figure, plaintiff used the government's mileage calculator.  The court is

intimately familiar with the route taken by plaintiff's counsel and finds that her request of

$146.05 for travel expenses is reasonable and should be granted.

## 3. Non-Compensable Tasks

The Commissioner's last objection targets plaintiff's request for attorney's fees.  In the

documentation supporting her EAJA application, plaintiff's counsel represents that he spent a

total of 33 hours working on the case.  Multiplying the number of hours spent by counsel (33) by his hourly billable rate of $175.00 brings plaintiff's request to the amount of $5,775.00.  The Commissioner argues that plaintiff's request should be reduced by $2,362.50, which represents the 13.5 hours plaintiff's counsel billed for allegedly non-compensable work.

The Commissioner's proposed reduction is comprised of three smaller reductions.  First, the Commissioner argues that plaintiff's counsel improperly billed 11.2 hours for work that could have been conducted by clerical or support staff:

| Item | Date | Task | Time |
|------|------|------|------|
| 1 | 4/4/14 | Letter to Clerk of Northern District | .1 |
| 2 | 4/4/14 | Summons, Cover Sheet | 1 |
| 3 | 4/4/14 | Receipt and review of filed copy of Complaint, etc. | .1 |
| 4 | 4/4/14 | Receipt and review of notice of case assignment | .1 |
| 5 | 5/27/14 | Receipt and review of report and recommendation To proceed in forma pauperis | .5 |
| 6 | 6/10/14 | Receipt and review of payment of filing fee | .1 |
| 7 | 6/17/14 | Receipt and review of notice that summons were issued | .1 |
| 8 | 6/19/14 | Receipt and review of order finding moot motion for leave to proceed in forma pauperis | .1 |
| 9 | 7/24/14 | Receipt and review of notice that summons were returned | .1 |
| 10 | 10/22/14 | Additional 8 drafts of Memorandum Brief | 9.0 |
| | | Total | 11.2 |

With respect to item 2, the court agrees with the Commissioner and finds that it is non-compensable.  Clerical and secretarial tasks are generally considered part of office overhead and will not be compensated under EAJA.  *See Knudsen v. Barnhart*, 360 F. Supp. 2d 963, 977 (N.D. Iowa 2004); *see also Missouri v. Jenkins*, 491 U.S. 274, 288 (1989).  Therefore, plaintiff's award shall be reduced by $175.00 (1.0 hour).  However, the court disagrees with the Commissioner's classification of the remaining items as merely clerical.  *See Robeaux v. Soc. Sec. Admin.*, 2013 WL 6174489 (E.D. La. Nov. 21, 2013) (finding tasks comparable to those in the present case to be compensable under the EAJA).  The items that remain, especially item 10, require some level

of legal acumen.  Therefore, the hours spent on the remaining items are compensable under the EAJA and should be granted.

Second, the Commissioner argues that plaintiff's counsel improperly billed 0.3 hours for drafting two motions for extension of time.  The court agrees, in part, with the Commissioner and finds that the earlier of the two motions is non-compensable under the EAJA.  The entry for this motion appears to be a clerical error because the court could find no record of such on the docket.  Consequently, plaintiff's award shall be reduced by $35.00 (0.2 hours).

As for the latter motion, the Commissioner argues that it is non-compensable because it was not predicated on "any characteristics of the instant case, but rather, due to other cases Plaintiff's counsel was pursuing."  Doc. 23, p. 855. The court finds this argument unpersuasive. Motions for extensions of time to file briefs are commonplace in social security appeals.  *See Shaffer v. Colvin*, 2014 WL 185779, at *5 (N.D. Ohio Jan. 16, 2014).  As counsel filed a single motion for extension of time and billed only $17.50 (0.1 hour), the court finds that the time billed is reasonable and should be granted.

Third, the Commissioner argues that plaintiff's counsel improperly billed his travel time at the same rate he charges for legal work.  Plaintiff's motion seeks $972.50 (5.5 hours) for a "[r]ound trip to Aberdeen, Mississippi, plus time out of office for [o]ral [a]rgument."  Doc. 22, p. 849.  Of the 5.5 hours billed, the Commissioner submits that the time spent travelling, approximately 4.0 hours, should be discounted by 50%.  Put another way, the Commissioner request that plaintiff's award be reduced by $350 to account for non-working travel time.

Having considered the matter, the court refuses to apply the Commissioner's discount rate for time spent travelling.  Congress has said that it enacted the EAJA because "certain individuals…may be deterred from seeking review of, or defending against, unreasonable

governmental action because of the expense involved in securing the vindication of their rights."
H.R. Rep. No. 1418, 96th Cong., 2nd Sess. 5, *reprinted in* 1980 U.S. Code Cong. & Admin. News
4953, 4984. Therefore, one of Congress' expectations in enacting the EAJA was to attract
private counsel to represent meritorious disability claimants who would not be able to afford
representation, otherwise. *See Crosby v. Halter*, 152 F. Supp. 2d 955, 961 (N.D. Ill. 2001).

Congress' expectation was fulfilled here because plaintiff's counsel prosecuted this case
diligently and efficiently. Unlike experienced attorneys in other fields who are compensated at
higher rates for their expertise, however, plaintiff's counsel is limited by statute to a relatively
low fee of approximately $175 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). The court declines to
further reduce the incentive for this type of work by nickel and diming compensation that is
already below the market rate for similar services. Consequently, the court finds that plaintiff's
request of $972.50 for time spent travelling and participating in oral argument is reasonable and
should be granted.

## Conclusion

Accordingly, plaintiff's motion for payment of fees and costs under the EAJA is hereby
granted. However, plaintiff's request of $5,775.00 will be reduced by $210.00 (1.2 hours) for
the reasons set forth above. Therefore, plaintiff is entitled to $5,565.00 in fees, plus $146.05 for
reimbursable expenses from the Judgment Fund. This award is to be paid to the plaintiff for the
benefit of her attorney, Joe Morgan Wilson.


**SO ORDERED** this, the 19th day of May, 2015.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE